IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **GLEN M. FALLIN,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 8:18-cv-02598-PWG |
| **ZENIMAX MEDIA INC.,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Glen M. Fallin brings this action against Defendants ZeniMax Media Inc. and ZeniMax Online Studios LLC (collectively, "ZeniMax") for claims allegedly assigned to him by a former employee of ZeniMax, John Howe. Mr. Fallin alleges that the video game developer and producer ZeniMax was unjustly enriched by its use of Mr. Howe's pre-employment intellectual property, and that Mr. Howe is entitled to an accounting and equitable disgorgement of the profits gained by ZeniMax from utilizing Mr. Howe's intellectual property. Mr. Fallin also claims that ZeniMax misappropriated Mr. Howe's trade secrets and committed antitrust violations by restraining competition with a contract of adhesion. ZeniMax now moves to dismiss the claims against it.[1] Because Mr. Fallin's claims against ZeniMax have been previously litigated and resolved by final judgment, ZeniMax's Motion to Dismiss will be granted and Mr. Fallin's Complaint will be dismissed with prejudice.

---

[1] The motion is fully briefed. *See* ECF Nos. 26, 32, 34. A hearing is not necessary. *See* Loc. R. 105.6.

## Background

Mr. Fallin stated in his Complaint that he has been assigned, "[the] nonexclusive interest in claims raised and/or cognizable herein that have accrued to John Howe" and "the right to litigate or otherwise resolve such claims." ECF No. 22, Am. Compl. ¶¶ 3-4. The background facts are therefore those that concern Mr. Howe and his employment with ZeniMax.

Mr. Howe was employed as a design artist with ZeniMax from June 2010 to September 2014. Am. Compl. ¶ 9. When Mr. Howe was hired, he executed two written agreements with ZeniMax. *Id.* The first agreement (the "Offer Letter") was an offer of at will employment, and the second (the "Ideas Agreement), concerned the disclosure of ideas and inventions developed during employment. ECF No. 26-4, Ex. 1; ECF No. 26-5, Ex. 2. The Ideas Agreement provided that anything created or developed by Mr. Howe in connection with his employment would become property of ZeniMax. Compl. ECF No. 26-5, Ex. 2. Mr. Howe previously developed a 3D-modeling technique known as the Create-a-Creature System prior to the start of his employment with ZeniMax. Am. Compl. ¶ 7.

At some point during his employment with ZeniMax, Mr. Howe was assigned to a project developing a new video game, Elder Scrolls Online ("ESO"). Am. Compl. ¶ 24. Mr. Howe proposed to ZeniMax management that the ESO project should utilize a refined version of his Create-a-Creature System which he called the "Create-a-Player System." Am. Compl. ¶ 24. ZeniMax agreed to Mr. Howe's proposal and substituted its system with Mr. Howe's Create-a-Player System. *Id.* According to the Complaint, the Create-a-Player System utilized the "operative principles" of Mr. Howe's pre-employment Create-a-Creature System and was developed on nonduty hours, without any ZeniMax direction or resources, all of which was outside the scope of his employment duties and that he was never compensated (except, the

Complaint notes, for two bonuses that Mr. Howe received). Am. Compl. ¶¶ 28, 31. Mr. Fallin alleged that without utilizing Mr. Howe's pre-employment intellectual property, ZeniMax would not have profited as much as it did from the marketing and sale of ESO. Am. Compl. ¶ 43.

Based on these allegations, Mr. Fallin filed a complaint in the Circuit Court for Montgomery County ("State Court") in September 2017, which he later amended, ultimately alleging the following claims: (1) accounting; (2) unjust enrichment; (3) equitable disgorgement; (4) violation of the Maryland Uniform Trade Secrets Act; and (5) Violation of the Maryland Antitrust Act. ECF No. 26-9, Ex. 6 (Mr. Fallin's Second Amended State Court Complaint).[2] ZeniMax filed a Motion to Dismiss the Second Amended Complaint in State Court based on applicable statutes of limitations and for failure to state claims. ECF No. 26-10, Ex. 7. Mr. Fallin failed to file an opposition to ZeniMax's Motion to Dismiss and further failed to attend a pretrial/settlement conference held in the State Court on June 21, 2018. ECF No. 26-11, Ex 8. During that settlement conference, the State Court reviewed the briefings and granted ZeniMax's Motion to Dismiss and dismissed Mr. Fallin's Complaint with prejudice. ECF No. 26-12, Ex. 9. Mr. Fallin subsequently filed a Motion to Vacate the State Court's dismissal, which was denied. ECF No. 26-13, Ex. 10. Mr. Fallin then brought his claims to this Court.

---

[2] The Court may take judicial notice of the State Court records because they are public records that are central to the claim and the authenticity of which is not disputed, without converting the Defendants' motion to dismiss to one for summary judgment. *See Witthohn v. Federal Ins. Co.*, 164 Fed. Appx. 395, 396 (4th Cir. 2006) (When reviewing a motion to dismiss, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed."); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) ("Under this exception, courts may consider 'relevant facts obtained from the public record,' so long as these facts are construed in light most favorable to the plaintiff along with the well pleaded allegations of the complaint") (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)).

**Standard of Review**

Mr. Fallin is self-represented[3] and therefore his submissions are to be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a pro-se plaintiff's claims are still subject to dismissal if they "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must meet the standard of Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain factual content, and more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Therefore, although a court should construe a self-represented plaintiff's pleadings liberally, mere legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

**Discussion**

Mr. Fallin's claims must be dismissed because the claims in the Complaint have already been litigated and resolved in the State Court. The *res judicata* doctrine "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)).[4] In Maryland, *res judicata* provides grounds for

---

[3] Defendants point out that, although self-represented, Mr. Fallin formerly was an attorney admitted to practice in the State of Maryland. ECF No. 34 at 2.

[4] *Res judicata* is ordinarily an affirmative defense, however, this Court may consider a motion to dismiss on the ground of *res judicata* by looking to the Complaint and taking judicial notice of records from a prior judicial proceeding, where, as here, there is no dispute regarding their accuracy. *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("Although an affirmative

dismissal where a defendant establishes: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Id.* (citation and internal quotation marks omitted in original). "In finding that the second suit involves the same cause of action, the court need not find that the plaintiff in the second suit is proceeding on the same legal theory he or his privies advanced in the first suit. . . . As long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Id.* (citation and internal quotation marks omitted in original).

*Res judicata* applies to Mr. Fallin's claims. First, the parties in this litigation are the same as in the earlier dispute. Mr. Fallin filed in State Court as a pro se plaintiff against ZeniMax with claims allegedly assigned to him by Mr. Howe, as he does here. *See* ECF No. 26-9 Ex. 6. Second, the current claims are identical to the claims resolved in the prior dispute as Mr. Fallin has presented the exact same five causes of action as he did in the State Court, under the same theory that ZeniMax allegedly misused Mr. Howe's intellectual property. *Compare* ECF No. 26-9 Ex. 6 (Mr. Fallin's Second Amended State Court Complaint) *with* ECF No. 22 (Mr. Fallin's Current Amended Complaint).[5] Finally, the State Court pretrial/settlement hearing on June 21, 2018 resulted in a final judgment on the merits as Mr. Fallin's claims were considered and then

---

defense such as res judicata may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint,' when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact. Because Andrews does not dispute the factual accuracy of the record of his previous suit against Daw in Daw's official capacity, the district court did not err in taking judicial notice of this prior case.") (internal citations omitted).

[5] Mr. Fallin's complaint in State Court and the current Complaint both present the following claims: (1) accounting; (2) unjust enrichment; (3) equitable disgorgement; (4) violation of the Maryland Uniform Trade Secrets Act; and (5) Violation of the Maryland Antitrust Act. *See* ECF No. 26-9, Ex. 6 (Mr. Fallin's Second Amended State Court Complaint); ECF No. 22 (Mr. Fallin's Current Amended Complaint).

dismissed with prejudice for failure to state a claim. ECF No. 26-11, Ex. 8 (Transcript of State Court Proceedings); ECF No. 26-12, Ex. 9 (Order Dismissing the Second Amended Complaint).[6] Further, Mr. Fallin's Motion to Vacate the State Court's dismissal was also denied. ECF No. 26-13, Ex. 10. Therefore *res judicata* bars Mr. Fallin from re-litigating these claims in this Court.

## Conclusion

For the reasons stated above, the claims alleged in Mr. Fallin's Complaint are barred by *res judicata* and Defendants' Motion to Dismiss is granted.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is, this 20th day of March 2020, hereby ORDERED that

1. Defendants' Motion to Dismiss, ECF No. 26, is GRANTED;

2. Plaintiff's claims are DISMISSED WITH PREJUDICE;

3. The CLERK is directed to CLOSE this case;

4. The CLERK will mail copies of this Memorandum Opinion and Order to Plaintiff and Counsel for Defendants.

/S/
Paul W. Grimm
United States District Judge

---

[6] The transcript of the State Court pretrial/settlement hearing states, "Having reviewed the motion to dismiss the second amended complaint and there being no opposition, it appears to be well-founded." ECF No. 26-11 Ex. 8, ¶ 14.